## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

---

MAILEN DIAZ GARROTE,
as next friend of DENNIS HUMBERTO MORENO CHOV,

      Petitioner,

v.                                                          No. 2:26-cv-00056-MLG-JFR

DORA CASTRO
Warden of Otero County Processing Center;
et al.

      Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

      This matter is before the Court on Pro Se Petitioner Mailen Diaz Garrote's Petition for Writ

of Habeas 28 U.S.C. § 2241("Petition") filed on behalf of her spouse, Dennis Humberto Moreno

Chov, on January 12, 2026. Doc. 1.[1] For the reasons stated below, the Court grants the Petition and

orders Respondents to conduct a bond hearing pursuant to 8 U.S.C. § 1226.[2]

---

[1] Petitioner simultaneously filed two Emergency Motions, Docs. 2, 3, seeking Moreno Chov's immediate release and to expedite this proceeding. The Court interprets those motions as requests for a temporary restraining order. Because the Court is granting the Petition, Petitioner's motions for injunctive relief are moot. *See Loa Caballero v. Baltazar*, Case No. 25-cv-03120-NYW, 2025 WL 2977650, at * 1, * 10 (D. Colo. Oct. 22, 2025) (ruling a motion for injunctive relief was moot when granting a petition for habeas corpus).

[2] This Court is authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

On May 16, 2025, Moreno Chov was arrested by Miami Dade Police Department for the charges of "Battery/Aggravated/Great Bodily Harm" and "Disorderly Conduct/Breach of the Peace." Doc. 8-1 at 2. These charges appear to be in addition to charges of "Animal Fight Bait Attend /Weapon Possession While Committing an Offense/ Resisting an Officer without Violence to his Per[son]" from the same day. *Id.* at 3. Agents from the Department of Homeland Security "encountered" Moreno Chov at Turner Guilford Knight Correctional Center in Miami-Dade County, Florida following his arrest.[3] Doc. 8 at 2; Doc. 8-1 at 2. The agents determined Moreno Chov is a Cuban citizen in the United States without lawful status. Doc. 8-1 at 2. Moreno Chov was subsequently charged with being "a [noncitizen][4] present in the United States who has not been admitted or paroled" pursuant to INA § 212(a)(6)(A)(i) (codified as 8 U.S.C. § 1182(a)(6)(A)(i)) and placed in removal proceedings pursuant to § 1229a. Doc. 8 at 2; Doc. 8-2 at 1.

Moreno Chov was first detained in Florida in a facility known as "Alligator Alcatraz." Doc. 1 at 2. He was next transferred to a detention facility in El Paso, Texas and then moved to the Otero County Processing Center in New Mexico where he is currently detained. *Id.* at 2. On December 16, 2025, Immigration Judge ("IJ") Michael Peters denied Moreno Chov bond based on lack of

---

[3] The circumstances presented here differ in at least one regard from other similar matters the Court has addressed. Specifically, unlike nearly ever other petitioner, it appears that Moreno Chov was detained in connection with criminal charges.

[4] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

jurisdiction pursuant to the Bureau of Immigration Affairs ("BIA") recent decision of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[5] Doc. 8 at 2; Doc. 8-4 at 1; Doc. 9 at 2.

Petitioner Mailen Diaz Garrote ("Petitioner") filed a Petition asking the Court to immediately release Moreno Chov from detention or in the alternative order "a constitutionally adequate bond hearing before a neutral adjudicator." Doc. 1 at 1, 3. The Petition generally asserts that Moreno Chov's detention violates "Fifth Amendment Due Process, Eighth Amendment (conditions of confinement),[6] and Substantive and Procedural Due Process protections." *Id.* at 2-3. Petitioner's Reply filed in support of the Petition requests more specific relief that the Court:

> (1) reject Respondents' attempt to recharacterize Petitioner under § 1225(b)(2)(A) for the duration of proceedings; (2) hold that Petitioner's detention is governed by § 1226(a) (or, alternatively, that due process requires a prompt individualized custody hearing even if § 1225) and (3) order immediate release, or at a minimum order an individualized bond hearing before an Immigration Judge ("IJ") with the

---

[5] A recent BIA precedential decision holding that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully. *Id.*

[6] Petitioner appears to request the Court order Moreno Chov's release due to the conditions he experienced at the detention facilities he was held in prior to Otero County Processing Center. Doc. 1 at 2; Doc. 9 at 3. Respondents assert in their Response that the allegations regarding conditions of confinement cannot be brought in a habeas action. Doc. 8 at 15 (citing *Palma-Salazar v. Davis,* 677 F.3d 1031, 1035 (2012)). Petitioner asserts in the Reply that "courts recognize that where unconstitutional conditions make continued custody unlawful, habeas may provide a remedy, including release, especial for civil detainees." Doc. 9 at 3. Petitioner offers no citation for this argument. *Id.* While Petitioner's pro se status affords her pleadings to be construed liberally, the Court cannot take on the role of advocate for a pro se litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, the Court is bound by the Tenth Circuit precedent raised by Respondents. Petitioners' claim regarding the conditions of Moreno Chov's detention cannot be challenged in this habeas petition. *See Palma-Salazar*, 677 F.3d at 1035 ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release . . . must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.") (internal citations omitted) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir.2011). The Court will therefore only address Petitioner's claims regarding whether Moreno Chov's detention is governed by § 1226 and the Fifth Amendment Due Process claim.

government bearing the burden to justify continued detention by clear and convincing evidence.

Doc. 9 at 1.

In determining the Petition, the dispositive question presented to this Court is whether Moreno Chov is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[7] or whether he is subject to the mandatory detention provisions provided for in § 1225(b)(2).[8] This Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Moreno Chov's detention.[9] *See Cortez-Gonzalez v. Noem*, No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *4 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *3-4 (D.N.M. Dec. 17, 2025). The Court's application of § 1226(a) comports with nearly every other court in this district and across the country that has addressed the matter. *See, e.g., Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL

---

[7] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[8] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[9] "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693 ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Moreno Chov was entitled—as a right—to an individualized bond hearing. *See Salazar*, 2025 WL 2676729, at *5; *Pu Sacvin*, 2025 WL 3187432, at *3. Moreno Chov's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the INA and his right to due process under the Fifth Amendment of the U.S. Constitution. *See id*.

4

2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025); *see also Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases).

Accordingly, the Court hereby denies Petitioner's request for Moreno Chov's immediate release and grants the alternate request, ordering Respondents to provide Moreno Chov with an individualized bond hearing pursuant to § 1226 within seven (7) days of the date of this Order. Doc. 1 at 1, 3; Doc. 9 at 1. At the bond hearing, Respondents shall bear the burden of justifying Moreno Chov's continued detention by clear and convincing evidence.[10]

Respondents are further ordered to file a status report within ten (10) days of this Order to certify compliance. The status report shall include when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial. If Moreno Chov has not received a lawful bond hearing within seven days, this Court orders that he be immediately released.

---

[10] The burden at a bond hearing is normally on the noncitizen to demonstrate detention is unwarranted. *See Salazar*, 2025 WL 2676729, at *6 (first citing 8 C.F.R. § 236.1(c)(8); then citing *Matter of Adeniji*, 22 I.&N. Dec. 1102, 1116 (BIA 1999)). Due to the ongoing violation of Moreno Chov's due process rights, this Court agrees with the other courts in this district who have addressed similar cases and found that the burden at the individualized bond hearing has shifted to Respondents. *Pu Sacvin*, 2025 WL 3187432, at *3 (joining "most other district courts in concluding that a noncitizen's 'strong private interest in being free from civil detention' outweighs the Government's comparatively minimal burden to justify custody" (quoting *Salazar*, 2025 WL 2676729, at *6)); *Lopez-Romero v. Lyons*, 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at ** 6-7 (D.N.M. Jan. 13, 2026).

Respondents are enjoined from transferring Moreno Chov to any facility outside the District of New Mexico during the pendency of this habeas action. Until further Order is issued by the Court, the Court retains jurisdiction to enforce and modify this Order as appropriate.

Petitioner's request for injunctive relief in her Emergency Motions (Docs. 2, 3) is moot.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA